United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10602
Summary Calendar

JOHNNY LEE RICHARDS,

Plaintiff-Appellant,

versus

GARY JOHNSON; OFFICE OF OMBUDSMAN;
CHIEF OF CLASSIFICATION; BILL CLEMENTS
MAILROOM DEPARTMENT; BILL CLEMENTS LAW
LIBRARY DEPARTMENT; BILL CLEMENTS HIGH
SECURITY ADMINISTRATION; CHIEF OF STATE
CLASSIFICATION; BILL CLEMENTS MEDICAL
DEPARTMENT; CHIEF OF INSPECTOR GENERAL OF
INVESTMENT DIVISION,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-431
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Johnny Lee Richards (Richards), Texas prisoner # 493244,
appeals the dismissal of his civil rights action filed under 42
U.S.C. § 1983 for failure to state a claim upon which relief can
be granted. Richards contends that drugs are being placed in his
food without his consent. He further contends that he is being

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied access to the courts because he is not being provided with law books and legal supplies.  He also asserts that his mail is being intercepted and he is being denied adequate medical care. He contends that the defendants have failed to investigate these allegations.

On appeal, Richards does not identify any error in the district court's determination that he failed to state a claim against the defendants in their supervisory roles.  His assertions in his brief are conclusory and inadequately briefed. Although pro se briefs are liberally construed, even pro se litigants must brief arguments to preserve them.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  "A party who inadequately briefs an issue is considered to have abandoned the claim."  Green v. State Bar of Texas, 27 F.3d 1083, 1089 (5th Cir. 1994).  Consequently, the claims against the defendants are deemed abandoned.

The district court did not err in finding that Richards failed to state a claim against the Bill Clements Law Library and Mailroom.  Richards has alleged no fact showing that he has been prejudiced in his ability to prepare and transmit a necessary legal document to a court.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).  Additionally, he fails to assert a cognizable claim regarding his mail being intercepted.  See Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993).  Additionally, Richards's allegation that the Bill Clements High Security Administration is

placing drugs in his food is vague and conclusory.  As such, his allegation is insufficient to establish a 42 U.S.C. § 1983 claim. See Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989).

Lastly, the district court did not err in finding that Richards failed to state a claim against the Bill Clements Medical Department.  Richards does not specifically identify anyone who has denied him medical care, nor does he allege facts that would show anyone has wantonly disregarded an excessive risk to his health.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Based on the foregoing, the judgment of the district court is AFFIRMED.  Richards's motions for a preliminary injunction and attorney's fees are DENIED.